LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
Adrian R. Bacon, Esq. (280332)
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff*,
Paul Mahoney

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MAHONEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>EMMANUEL PACQUIAO; TOP RANK INC.; MICHAEL KONCZ; ROBERT ARUM; TODD DUBOEF; DOES 1-100.<br><br>Defendant. | Case No.:<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. PAUL MAHONEY ("Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, and any other available legal or equitable remedies, to challenge the illegal actions of EMMANUEL PACQUIAO, TOP RANK INC., MICHAEL KONCZ, ROBERT ARUM, and TODD DUBOEF (collectively "Defendants") with regard to Defendants' misleading business practices that caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendants. In addition, the matter in controversy exceeds $5,000,000 exclusive of interest of costs. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

8. Because Defendants conduct business within the State of California, personal jurisdiction is established.

## PARTIES

9. Plaintiff is an individual who resides in the County of Los Angeles, State of California and a "person" as defined by Cal. Bus. & Prof. Code § 17201, and is a purchaser of the pay per view event to the Mayweather-Pacquiao fight held May 2, 2015.

10. Plaintiff is informed and believes, and thereon alleges, that the members of the proposed class are likewise California consumer purchasers of the pay per view event to the Mayweather-Pacquiao fight held May 2, 2015.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant Top Rank, Inc., ("TPI") is a company whose State of Incorporation and principal place of business is in the State of Nevada. TPI is engaged in the business of producing, promoting, and selling tickets to fighting events.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant Robert Arum is the Treasurer and Director of TPI and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant Todd DuBoef is the President of TPI and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant Michael Koncz is the advisor of Defendant Pacquiao and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant Emmanuel Pacquiao was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao.

16. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the defendants sued herein as DOES 1 through 100, inclusive, but on information and belief alleges that said defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges that each defendant named herein was the agent of the other, and the agent of all defendants.  Plaintiff is further informed and believes, and thereon alleges, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other defendants, and that each defendant's actions as alleged herein was authorized and ratified by the other defendants.

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendants conducted business in the State of California.

19. This is an action for damages relating to the Defendants' failure to disclose the injuries suffered by Defendant Pacquiao prior to the fight between Emmanuel "Manny" Pacquiao and Floyd Mayweather held May 2, 2015 ("The Fight").

20. Plaintiff paid $99.95 to watch The Fight on Pay Per View, after months of hype and advertisements by Defendants that The Fight would be the "Fight of the Century."  This was the highest priced event of any kind sold in Pay Per View history.

21. Upon information and belief, Top Rank Inc. was one the promoters of the "Fight of the Century" and failed to disclose the fact that Defendant Pacquiao

suffered a debilitating injury, to the Nevada Athletic Commission ("NAC") prior to the fight as is required by Nevada law.

22. What was promoted as the fight of the century is now known to have been the sleight of the century. This is due, entirely, to Defendant Pacquiao's injury, which resulted in what critics and viewers have widely have called a "complete waste of time and money"[1] and "pitiful."[2] Even former Undisputed Heavyweight Champion of the World Mike Tyson commented in disappointment, stating publically on his Twitter account: "We waited 5 years for that... #underwhelmed #MayPac."

23. Pacquiao suffered a significant and debilitating injury in the weeks leading up to The Fight. Promotor Bob Arum disclosed that the injury suffered by Pacquiao was a torn rotator cuff, on his right shoulder ("The Injury")

24. The Injury caused Pacquiao significant pain, and weakness in his right arm, and resulted in Pacquiao throwing a much lower than normal punch output than he traditionally exhibited in other fights he has been in recent years.

25. Pacquiao's injury unquestionably materially, significantly and negatively affected the quality of the product: i.e. the competitiveness of The Fight. Consumers, including Plaintiff, were nonetheless left in the dark, and encouraged to pay $99.95 to watch The Fight on Pay Per View.

26. Plaintiff would not have spent $99.95 to watch The Fight had he known that Pacquiao had suffered a serious injury to his punching arm.

27. Upon information and belief, the Defendants did not disclose the injury until Saturday night shortly before the fight was to begin.

---

[1] http://ftw.usatoday.com/2015/05/mayweather-pacquiao-compete-waste-of-time-money-boxing-is-dead-payout

[2] http://www.bloodyelbow.com/2015/5/3/8538933/manny-pacquiao-vs-floyd-mayweather-sucked-mike-tyson-paul-malignaggi-tweet-boxing-news

28. Upon information and belief, the Defendants further failed to truthfully answer or disclose the information as required on the Nevada Athletic Commission disclosure form that was filled out by Pacquiao and others including Defendant Michael Koncz.

29. Upon information and belief, Pacquiao and other assisting him checked "No" on the NAC questionnaire which asked if he had a shoulder injury.

30. These acts by Defendants constitute a material misrepresentation by affirmative statement and by omission.

31. Had Defendants warned Plaintiff that Pacquiao suffered The Injury, Plaintiff would have reconsidered Plaintiff's purchase of The Fight.

32. Failure to disclose that Pacquiao suffered The Injury unfairly induced Plaintiff's purchase of The Fight. This omission was material to Plaintiff's purchase, and induced his reliance to purchase The Fight. Further, Defendants had a duty to disclose to Plaintiff and other consumers, of The Injury.

33. Plaintiff and other purchasers of The Fight reasonably relied on Pacquiao and Mayweather being healthy for The Fight. Indeed, Defendants' promotion of The Fight as the "Fight of the Century" induced Plaintiff and other reasonably minded consumers to believe that the participants in The Fight would be healthy and able to put forth a reasonable level of effort towards creating an entertaining experience that would live up to the hype.

34. However, Defendants failed to inform consumers, at the time of their purchase of The Fight, of The Injury.

35. This failure to disclose constitutes a misrepresentation by omission, as Defendants had a duty to disclose this material fact, which was not known by Plaintiff or other similarly situated consumers, because Defendants possessed exclusive knowledge of the health and condition of the product (i.e. the participants of The Fight).

36. Defendants had a duty to disclose The Injury, which would impact consumers' use of the products they were purchasing (i.e. The Fight).

37. In so misleading Plaintiff and other similarly situated consumers, Defendantsdeceived Plaintiff and others into believing that the product they paid for was of a certain quality and character that it was not, as part of a widespread and systemic ruse to unfairly, fraudulently and unlawfully induce said consumers into purchasing The Fight, at considerable and previously undisclosed additional expense.

38. Furthermore, Plaintiff is not alone; Defendants have improperly induced thousands of other consumers to purchase The Fight, and generated hundreds of millions of dollars and revenues in ill gotten gains due to their collective conspiracy to so deceive.  This act and omission constitutes unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL"); and California's False Advertising Law California Bus. & Prof. Code § 17500, et seq. (the "FAL").

## CLASS ALLEGATIONS

39. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated ("The Class").

40. Plaintiff represents, and is a member of, "The Class" defined as follows: (i) all persons in the State of California; (ii) that purchased The Fight on a Pay Per View.

41. Defendantsand their employees or agents are excluded from the Class.

42. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several thousands, making joinder of all these actions impracticable.

43. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact common to the Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:
    a. Whether Defendant's practices are "unfair" as defined by California Business and Professions Code § 17200;
    b. Whether Defendant's practices are "illegal" as defined by California Business and Professions Code § 17200;
    c. Whether Defendant's practices are "fraudulent" as defined by California Business and Professions Code § 17200;
    d. Whether such practice violates California Business and Professions Code § 17200;
    e. Whether Defendantsviolated California Bus. & Prof. Code § 17500, et seq.
    f. Whether members of the Classes are entitled to declaratory relief; and,
45. Plaintiff will fairly and adequately protect the interest of the Classes.
46. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.
47. Plaintiff's claims are typical of the claims of the Class which all arise from the same operative facts involving Defendant's practices.
48. A class action is a superior method for the fair and efficient adjudication of this controversy.
49. Class-wide damages are essential to induce Defendantsto comply with the federal and State laws alleged in the Complaint.
50. Class members are unlikely to prosecute such claims on an individual basis since the individual damages are small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class

claims, e.g., securities fraud.

51. Defendants have acted on grounds generally applicable to the Class thereby making appropriate final declaratory relief with respect to the class as a whole.

52. Members of The Class are likely to unaware of their rights.

53. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.

54. Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

## FIRST CAUSE OF ACTION

Violation of the California False Advertising Act

(Cal. Bus. & Prof. Code §§ 17500 et seq.)

55. Plaintiff incorporates by reference each allegation set forth above.

56. Pursuant to California Business and Professions Code section 17500, et seq., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

57. Defendants misled consumers by making misrepresentations and untrue statements about The FIght, namely, by instructing Plaintiff and other Class Members that they were purchasing viewing rights to "the fight of the century" while failing to disclose that Pacquiao had suffered The Injury.

58. Defendants failed to disclose material facts to Plaintiff and other class members, at the time of their purchase of The Fight, as described in detail above. Defendants had a duty to disclose the fact that Pacquiao suffered The Injury, but failed to make such disclosures.

59. Defendants knew that their representations and omissions were untrue and

misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members into paying for something of a much lesser quality than they reasonably believed they had purchased.

60. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations regarding The Fight, namely that The Fight would be "the fight of the century" while failing to disclose that Pacquiao had suffered The Injury. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased The Fight. In turn Plaintiff and other Class Members were provided with The Fight, which turned out to be of significantly less value than what they were led to believe they had purchased, and therefore Plaintiff and other Class Members have suffered injury in fact.

61. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendants persist and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless restrained. Plaintiff is entitled to disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

### SECOND CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200
[Against All Defendants]

62. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

63. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

64. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

65. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

66. Here, Defendant's conduct has caused and continues to cause substantial

injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's unilateral decision to suppress and withhold highly material information about The Injury, so as to induce consumers to purchase The Fight. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

67. Moreover, Defendant's conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer. Such deception utilized by Defendants convinced Plaintiff and members of the Class that the $99.95 paid for The Fight was a reasonable fair market value, when in fact, Defendants knew that they were selling an inferior product. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

68. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendants falsely represented, withheld and suppressed information pertaining to The Injury, Defendants continued to encourage consumers to purchase The Fight for the highest Pay Per View price charged for any event in history. These consumers suffered injury in fact due to Defendant's charging of such exhorbitant rates, for such an inferior product, which was rendered inferior by Defendants' own material omissions. As such, Defendants took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase The Fight. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

69. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

<u>FRAUDULENT</u>

70. California Business & Professions Code § 17200 prohibits any "fraudulent ...

business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

71. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

72. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendants failed to disclose The Injury, a fact that would have been material to any reasonably minded consumer, including Plaintiff, in their determination of whether to purchase The Fight, and at what price. Plaintiff's reliance upon Defendant's deceptive statements and omissions is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

73. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

74. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

75. As explained above, Defendants deceived Plaintiff and other Class Members by actively concealing The Injury.

76. These representations and omissions by Defendants are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

77. Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase The Fight. Had Defendants

not falsely advertised, marketed or misrepresented The Fight, Plaintiff and Class Members would not have purchased The Fight. Defendants conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and The Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiff, and The Class Members pray for further judgment as follows:

- Restitution of the funds improperly obtained by Defendants;
- Any and all statutory enhanced damages;
- All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;
- For equitable relief pursuant to California Business and Professions Code § 17203; and,
- Any and all other relief that this Court deems just and proper.

Dated: May 5, 2014        **Law Offices of Todd M. Friedman, P.C.**

By: /s/ Adrian R. Bacon
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Attorneys for Plaintiff

### TRIAL BY JURY

78. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and The Class are entitled to, and demand, a trial by jury.

Dated: May 5, 2015              **Law Offices of Todd M. Friedman, P.C.**

                                By: /s/ Adrian R. Bacon
                                    Todd M. Friedman, Esq.
                                    Adrian R. Bacon, Esq.
                                    Attorneys for Plaintiff